**FILED**

MAR 31 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Raphael Mendez, )
)
      Petitioner, )
)
v. ) Civil Action No. **11 0654**
)
)
Members of the United States )
Government, *et al.*, )
)
      Respondents. )

## MEMORANDUM OPINION

This matter is before the Court on review of petitioner's *pro se* petition for a writ of *quo warranto* and application to proceed *in forma pauperis*. The application will be granted and the petition will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) (requiring dismissal of an action upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

"A *quo warranto* action is brought against a person who 'usurps, intrudes into, or unlawfully holds or exercises' public office." *Rae v. Johnson*, 1993 WL 544295, *1 (D.D.C., Dec. 22, 1993) (quoting D.C. Code § 16-3501). "It is designed for attacks on an officer's title, not for attacks on [an] officer's actions." *Id.* "The Court of Appeals for this Circuit has held that a *quo warranto* action against a public official may be brought *only* by the Attorney General or the U.S. Attorney." *Taitz v. Obama*, 707 F. Supp. 2d 1 (D.D.C. 2010) (citations omitted) (emphasis in original). Because "officials have broad discretion -- especially in cases involving public officials, as opposed to corporate officers – to refuse to sue," *Andrade v. Lauer*, 729 F.2d 1475, 1498 (D.C. Cir. 1984), the Court lacks jurisdiction to review such decisions. *See Shoshone*

*Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("In both civil and criminal cases, courts have long acknowledged that the Attorney General's authority to control the course of the federal government's litigation is presumptively immune from judicial review.").

Petitioner, confined at the Federal Medical Center in Rochester, Minnesota, claims that he is a pretrial detainee who "wants to go to trial for the inflicted injurie [sic] be [sic] made on February 20, 1990 in [St. Thomas, Virgin Islands] under the Docket No. 90-Cr-43." Compl. at 1. He names as defendants United States Virgin Islands Delegate to Congress Donna M. Christensen and "U.S. Congressional House on House Ethics." Compl. Caption. Petitioner has stated no facts to support a *quo warranto* action, and any civil claims he may have against officials in the Virgin Islands should be filed in the local or federal court there. To the extent that petitioner is challenging his confinement, his recourse lies, if at all, in the United States District Court for the District of Minnesota via a petition for a writ of *habeas corpus* directed at his immediate custodian in Rochester. *See Rooney v. Secretary of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (habeas "jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located") (internal citations and quotation marks omitted); *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) ("[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

March 25, 2011